IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>vs.<br><br>DWIGHT D. YORK, a/k/a MALACHI YORK,<br>MALACHI Z. YORK, MALAKAI Z. YORK,<br>ISA MUHAMMAD, and ISA ALIHAD MAHDI,<br>and Y F LIMITED PARTNERSHIP,<br>    Defendants. | CIVIL ACTION<br>NO. 3:04-CV-81 (CDL) |

## C O M P L A I N T

The United States of America, by and through the United States Attorney for the Middle District of Georgia alleges as follows:

### PRELIMINARY STATEMENT

**1.**

This is a civil action seeking to recover and enforce collection of a fine (restitution) and to set aside and avoid a fraudulent transfer. This action is filed under the Federal Debt Collection Procedures Act, 28 U.S.C.§ 3301 et seq. Upon information and belief, Defendant Dwight D. York, a/k/a Malachi Z. York, Isa Muhammad, and Isa Alihad Mahdi (hereinafter "York") fraudulently assigned, transferred, and/or conveyed assets and property interests to the other named Defendant. The United States seeks relief from these fraudulent assignments, transfers, and/or conveyances to ensure that Defendant York has assets sufficient to satisfy debts due the United States.

JURISDICTION AND VENUE

**2.**

The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1345, 1355, and 3301 et seq.

**3.**

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (a) and 1392 (a).

PARTIES

**4.**

Defendant, York, is an adult resident of Athens, Clarke County, Georgia, and is subject to the jurisdiction of this court. Defendant York, is and was, at all times relevant to this complaint, the grantor of the subject deed executed on June 18, 2002. A copy of the deed is attached as composite Exhibit "A". A substantial portion of the facts giving rise to this cause of action occurred in Athens, Clarke County, Georgia. The property which is the subject of this cause of action is located in Athens, Clarke County, Georgia.

**5.**

Y F LIMITED PARTNERSHIP may be served through its registered agent, Y F P Corporation, at its registered address, 4580 Regency Trace, Atlanta, Fulton County, Georgia 30331 and is subject to the jurisdiction of this Court.

**6.**

The State of Georgia Secretary of State's web site discloses

that Y F Limited Partnership is in "noncompliance."

BACKGROUND FACTS

**7.**

York became the focus of an intensive federal investigation in May 2001. York was the religious leader of an organization with followers that resided and worked on properties owned by York in Athens, Georgia, and Eatonton, Georgia, and other parts of the United States of America. On May 8, 2002, the FBI, in conjunction with other local, county, and state agencies executed an arrest warrant for York as well as search warrant for the Eatonton, Georgia, property. Thereafter, York made an initial appearance on May 8, 2002 and was arraigned in United States District Court on May 9, 2002, for the criminal charges of Traveling Interstate To Engage In Unlawful Sexual Activity With Minors (One Count) and Transporting Minors Interstate For Unlawful Sexual Activity (Three Counts).

Shortly following York's arrest and arraignment, Defendant Y F Limited Partnership and Y F P Corporation were formed on June 18, 2002. "Y F" stands for York Family and York owns a 99% interest in Y F Limited Partnership. The property which is the subject of this cause of action was transferred to Y F Limited Partnership during June 2002.

The Federal Grand Jury for the United States District Court, Middle District of Georgia, on or about November 21, 2003, issued a superseding indictment against Defendant York in the case of

United States of America vs. Dwight D. York, a/k/a Dr. Malachi Z. York, a/k/a Isa Muhammad, a/k/a Isa Al Haadi Al Mahdi, and a/k/a "Baba," United States District Court, Middle District of Georgia, Macon Division.

As a result of the above-stated indictment (Case No. 5:02-CR-27(CAR)), Defendant York was convicted on January 23, 2004, of ten substantive counts, including but not limited to Conspiracy to Commit Racketeering Violations, Racketeering, Transporting Minors, and Traveling In Interstate Commerce for Unlawful Sexual Activity With Minors.  Many of these offenses have mandatory fines and restitution.

A sentencing hearing was held in the Middle District of Georgia criminal action, Case No. 5:02-CR-27(CAR), on April 22, 2004, wherein the Court ordered Defendant York to pay restitution to the victims set forth in Counts One and Two of the superceding Indictment on which Defendant was convicted.  A copy of the Judgment In A Criminal Case is attached as Exhibit "B" (Amended 5/21/04).

The following day, April 23, 2004, a hearing was convened in the above-stated case to take evidence related to the amount of restitution, which would be ordered by the Court.  Thereafter, on May 7, 2004, the Court issued a written Order requiring that Defendant York make immediate payment of restitution in the amount of $566,066.00.  A copy of the Restitution Order is attached as Exhibit "C".  A Notice of Lien pursuant to 18 U.S.C.

§ 3613(c)&(d) has been filed with the Clerk's Office, Superior Court, Clark County, Georgia, a copy of which is attached as Exhibit "D" (amended by replacement lien filed August 16, 2004, Book 199, page 22, attached as Exhibit "E").

**8.**

Since the date of sentencing, Defendant York, has made no payment toward the restitution.

THE FRAUDULENT TRANSFER

**9.**

On June 18, 2002, less than two months following Defendant's arrest, certain real property located in Clarke County, Georgia, and more particularly described in attachment "A", was fraudulently conveyed by Quit Claim Deed from Defendant York to Defendant Y F Limited Partnership, with the actual intent to hinder, delay, or defraud a creditor. The above stated transfer was recorded in the deed records of Clarke County, Georgia, on July 5, 2002.

**10.**

More particularly, on June 18, 2002, Defendant York, conveyed his rights in the property described below to Defendant Y F Limited Partnership by quitclaim deed for "and in consideration of the sum of ONE DOLLAR ($1.00) and other good and valuable consideration". The above stated quitclaim deed was executed via power of attorney vested in Dale York Brown, sister of Defendant York, with the knowledge and authority of Defendant

York. A copy of the above stated power of attorney is attached as Exhibit "F". The property conveyed was described by the Quit Claim Deed recorded in Book 2222, page 520, of Clarke County Superior Court Clerk's Office as follows:

> ALL that tract or parcel of land, situate, lying and being in Athens-Clarke County, Georgia and being more particularly described as follows:
>
> BEGINNING at an iron pin situated at the southwest corner of the intersection of Broad and Church Streets running thence along the southerly side of Broad Street south 74 degrees west 123 feet to an iron pin; running thence along line of property of Bailey south 16 degrees east 115 feet to an iron pin; running thence along line of property of Mrs. J. H. Rucker north 74 degrees east 123 feet to an iron pin on the westerly side of Church Street; and running thence along the westerly side of Church Street north 16 degrees west 115 feet to the beginning point and iron pin.
>
> SAID tract of land is particularly bounded on the east by Church Street, on the north by Broad Street, on the west by property of Bailey and on the south by property of Mrs. J.H. Rucker.
>
> SAID property hereby conveyed is shown more fully in a plat made by W. N. Danner, Jr. and W. E. Hudson, Surveyors, in September, 1950 entitled "Survey of Wofford Oil Company Property", a copy of said plat being hereto attached and by reference made a part hereof.

**11.**

Upon information and belief, Y F Limited Partnership is the nominee or alter ego of Defendant York and was created as a "sham" or "shell" business entity for the express purpose of holding title to and concealing property conveyed to Y F Limited Partnership by Defendant York.

**12.**

During all times relevant to this cause of action, Dale York

Brown, Richelle Davis, and Elizabeth Westbrook were general partners, officers and/or agents of Y F Limited Partnership and knew or should have known of the above alleged fraudulent conveyances.

## COUNT ONE

### FEDERAL DEBT COLLECTION PROCEDURES ACT

**13.**

The allegations of paragraphs one (1) through twelve(12) above are incorporated herein by reference.

**14.**

The judgment against Defendant York , and in favor of Plaintiff described in paragraph seven (7) of this complaint includes a claim for restitution, which is a debt, as the term is used in various sections of the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3001 et seq., including but not limited to, §§ 3301, 3304, and 3306 of the FDCPA, as such claim arose before the transfer described in paragraphs nine (9) and ten (10) above.

**15.**

Plaintiff, United States of America, is a creditor of Defendant York, as that term is defined in 28 U.S.C. § 3301 of the Federal Debt Collection Procedures Act.

**16.**

Defendant York, is a debtor of the Plaintiff, United States of America, as the term is defined in 28 U.S.C. § 3002 of the

Federal Debt Collection Procedures Act.

**17.**

The transaction described in paragraphs nine (9) and ten (10) is a transfer within the meaning of the FDCPA, 28 U.S.C. § 3301(6).

**18.**

Defendant York made the transfer described in paragraphs nine (9) and ten (10) above without receiving reasonably equivalent value.

**19.**

On information and belief, Defendant York, was either insolvent at the time he made the transfer described in paragraphs nine (9) and ten (10) or was rendered insolvent by it in that the transfer was a vital part of a fraudulent scheme of multiple transfers within the same general period of time.

**20.**

Pursuant to 28 U.S.C. §§ 3304(a) and 3304(b), the transfers described in paragraphs nine (9) and ten (10) and the allegations contained within paragraphs 11-19 are fraudulent as to Defendant York's debt to the United States.

COUNT TWO

**21.**

The allegations of paragraphs one (1) through twenty (20) above are incorporated herein by reference.

**22.**

Defendant York made the transfers described in paragraphs nine (9) and ten (10) above with the actual intent to hinder, delay, or defraud his creditor, the United States as evidenced, among other things, by the following facts:

    a.  The transfer was made to an insider, as defined in the FDCPA, 28 U.S.C. § 3301(5);

    b.  Defendant York made the transfer shortly after arrest and before the United States obtained judgment.

    c.  On information and belief, the transfer was a vital part of a fraudulent scheme of multiple transfers within the same general period of time, which constituted virtually all of Defendant York's remaining assets;

    d.  Defendant York did not receive reasonably equivalent value for the transfer; and

    e.  On information and belief, Defendant York either was insolvent at the time of the transfer or was rendered insolvent by it in that the transfer was a vital part of a fraudulent scheme of multiple transfers within the same general period of time.

    f.  Defendant York retained possession or control of the property transferred after the transfer.

**23.**

Defendant York made the transfer and assignment of his property and/or interests in the property described in the above

paragraphs with the intent to delay or defraud creditors, including the United States, and on information and belief, the Defendant transferee, Y F Limited Partnership, either knew of Defendant York's intent or had reasonable grounds of suspicion of such intent.

### 24.

Pursuant to 28 U.S.C. §§ 3304(a) and 3304(b), the allegations contained within paragraphs 21-23 are fraudulent as to Defendant York's debt to the United States.

### 25.

Wherefore, Plaintiff, United States of America, prays:

a. That the assignments, transfers, and/or conveyances described in paragraphs nine (9) and ten (10) above be adjudged fraudulent and void in its entirety or at a minimum to the extent necessary to satisfy Defendant York's debt to the United States;

b. That the Plaintiff's debt described above in paragraph seven (7) be declared a lien upon the property described in paragraphs nine (9) and ten (10) above;

c. That judgment be entered against the Defendant transferee, Y F Limited Partnership, for the full amount of the debt of $566,066.00, plus interest at the legal rate from the date of judgment, or for an amount equal to the value of the transferred asset;

d. That Defendant transferee be ordered to disgorge any consideration received for any such subsequent sales,

encumbrances, or other transfers of the property and/or property interests fraudulently transferred, assigned, and/or conveyed by Defendant York or any agent of Defendant York;

    e. That, if just and appropriate, the property described in paragraphs nine (9) and ten (10) be seized and sold pursuant to 28 U.S.C. §§ 2001, 2002 or 3203, with proceeds paid to the United States of America sufficient to satisfy Defendant York's debt to the United States;

    f. That Plaintiff be awarded its costs, fees and disbursements.

    g. That the court grant such other relief as may be appropriate and just, to preserve assets to ensure that Defendant York will be able to satisfy his debt to the United States of America.

    This 17th day of August, 2004.

                                    Respectfully submitted,

                                    Maxwell Wood
                                    UNITED STATES ATTORNEY

                                    By: Bernard Snell
                                    Assistant U.S. Attorney
                                    Georgia Bar No. 665692

ADDRESS:
Post Office Box 1702
Macon, Georgia 31202
(478)752-3511